852 F.2d 567
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Terry L. VAN NATTA, Plaintiff-Appellant,
v.
DEERE & COMPANY, Defendant-Appellee,
 No. 87-1199.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 6, 1988.
Decided: June 1, 1988.
 
 Bryan E. Lessley (Norman B. Smith, Smith, Patterson, Follin, Curtis, James & Harkavy, on brief), for appellant.
 Bynum M. Hunter (Catherine C. Eagles, Smith, Moore, Smith, Schell & Hunter; Theodore R. Scott, Keith V. Rockey, on brief), for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff, Terry Van Natta, instituted this action for abuse of process against the defendant, Deere and Company. Jurisdiction is based on diversity of citizenship, plaintiff Van Natta being a resident of North Carolina and defendant Deere being incorporated in Delaware and having its principal place of business in Illinois. The district court dismissed plaintiff's abuse of process cause of action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm.
 
 
 2
 This action began in an earlier proceeding in which Deere sued Van Natta, its former employee, seeking (1) a judicial declaration that certain inventions of Van Natta's had not been in public use for more than one year before patent applications were filed; (2) an order that Van Natta sign these patent applications; and (3) an order preventing Van Natta from representing that the inventions had been in public use for more than one year. Summary judgment was granted in favor of Van Natta in this earlier proceeding. Based on this previous action, Van Natta instituted the instant suit alleging abuse of process by Deere.
 
 
 3
 In North Carolina, an action for abuse of process requires two elements. First, the plaintiff in the original suit must have had an ulterior motive in bringing the action and second, after "the prior proceeding was initiated, the [plaintiff in the first proceeding] committed some willful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter." Stanback v. Stanback, 297 N.C. 181, 254 S.Ed.2d 611, 624 (1979).
 
 
 4
 Even assuming that Deere had an ulterior motive in filing the original action against Van Natta, Van Natta has failed to satisfy the second prong of the test by not alleging any acts taken by Deere after the original proceeding was initiated. Van Natta argues that Deere used its proceeding against him to further its applications with the patent office. However, Deere's applications with the patent office were filed before Deere filed its action against Van Natta. All subsequent communications between Deere and the patent office were incidental to Deere's obligation to keep the patent office informed of anything that could affect the pending application. Van Natta has alleged no act committed by Deere subsequent to the filing of the initial proceeding in which Deere sought to use that proceeding to gain advantage over Van Natta.
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.